UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                            Case No. 03-CR-52

EKABAL "PAUL" BUSARA,

    Defendant.

---

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

---

    Defendant Ekabal "Paul" Busara was sentenced to 480 months (40 years) following his conviction for Kidnapping and Conspiracy to Commit Kidnapping resulting in the Death of Another Person, in violation of 18 U.S.C. §§ 1201(a)(1) and (2) and 1201(c). Currently before the court is Busara's motion for early release under 18 U.S.C. § 3582(c)(1)(A). That section, otherwise known as Compassionate Release, authorizes the district court to reduce a defendant's sentence after considering the factors set forth in 18 U.S.C. § 3553(a) if the court "finds extraordinary and compelling reasons warrant such a reduction and such reduction is consistent with the applicable policy statements issued by the sentencing commission." Busara contends that extraordinary and compelling reasons exist because the health conditions of his parents have significantly deteriorated and he is needed to help provide them care. He also points to his own health problems as sufficient to show the kind of compelling and extraordinary reasons needed to justify early release under the Compassionate Release statute.

    Busara's motion fails because the record does not support the extraordinary and compelling reasons needed in order to reduce his sentence. Although he has provided some evidence

concerning the health conditions of his parents in India, no verification of that is possible. More importantly, there is no evidence that Busara's other family members and relatives are unable to care for his parents.

As to his own health, Busara's conditions do not meet the requirements as to the severity necessary to constitute extraordinary and compelling reasons for a sentence reduction. Although he does have some health problems, he is receiving more than adequate care in the prison system and has, in fact, declined care on more than one occasion. In other words, his health condition is not so severe that he is unable to continue serving his sentence or that it would pose a significant risk to his health and well-being. Having failed to establish the extraordinary and compelling reasons needed for a reduction in sentence under § 3582(c)(1)(A), the motion is, and must be, denied.

Dated at Green Bay, Wisconsin this 22nd day of January, 2025.

s/ William C. Griesbach
William C. Griesbach
United States District Judge